UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES TRUMBLE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br>BRENT REINKE, *et. al.*,<br><br>　　　　　　Defendants. | Case No. 1:14-cv-00256-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it IDOC Defendant Whinnery's Motion for Summary Judgment (Dkt. 47), Plaintiff's Motion to Compel (Dkt. 57), and Plaintiff's Motion to Amend (Dkt. 60). The motions are now fully ripe, and the Court issues the following memorandum decision and order.

## ANALYSIS

### I.   Whinnery's Motion for Summary Judgment

Defendant Whinnery asks the Court for summary judgment on all claims against her. Specifically, she argues that Trumble has failed to exhaust his administrative remedies.

MEMORANDUM DECISION AND ORDER - 1

A.     **Summary Judgment Standard**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." Id. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." Id. at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. Id. at 255. Direct testimony of the non-movant must be believed, however implausible. Leslie v. Grupo ICA, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. McLaughlin v. Liu, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any

**MEMORANDUM DECISION AND ORDER - 2**

affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.20*00).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux,* 263 F.3d at 1076.  The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

    **B.**    **Summary Judgment for Failure to Exhaust Administrative Remedies**

Whinnery argues that Trumble failed to exhaust his administrative remedies. A prisoner must exhaust available administrative remedies before he can bring a prison conditions claim under § 1983. 42 U.S.C. § 1997e.  Exhaustion of administrative remedies is an affirmative defense which must be proved by the defendant. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. Such a determination "should be decided as early as feasible" in the case. *Id. at 1170*.

Here, a formal grievance process was available to Trumble. *Whittington Aff.,* Dkt. 47-2. In fact, Trumble has used the grievance process to completion on five separate occasions. *Id.* On five other occasions, he has not completed the process. *Id.*

In his Amended Complaint, Trumble alleges that Dr. Whinnery told him that before anything could be done about his bloody stools, he would need to take a smear test

**MEMORANDUM DECISION AND ORDER - 3**

for Colon Cancer, that the test results came back positive for blood in his stool, and that Dr. Whinnery neglected to inform him about the results. *Amended Complaint,* p. 4, Dkt. 23. He further alleges that this was not the first smear test because the first one was lost, which caused him pain while waiting for the second test results. *Id.*

A review of Trumble's completed grievances indicates that none of them relate to these allegations. *Whittington Aff.,* Ex. H, Dkt. 47-5. Rather, they relate to (1) hand and feet swelling, (2) a dispute between submitting and responding to concern forms and Health Service request forms, (3) lumps or swelling in his neck, (4) medication for Addison's disease or hypothyroidism, and (5) allegations of perceived harassment by defendant Poulson. *Id.* Therefore, Trumble has not exhausted his administrative remedies with regard to his allegations against Whinnery. Accordingly, the Court must dismiss the claims against Whinnery without prejudice. *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

## II.     Motion to Compel

Trumble asks the Court to compel defendants Blades and Yordy to respond to outstanding discovery requests. There appears to be some confusion between the parties, and it is not altogether clear from the briefing whether discovery is outstanding. However, it does seem clear to the Court that the defendants have somehow reviewed Trumble's first set of discovery because they explain why certain requests are only relevant to the other defendants. Under these circumstances, the Court will order Blades and Yordy to respond to the discovery requests. If certain requests are not applicable to

**MEMORANDUM DECISION AND ORDER - 4**

them, they can simply so state in their responses. The responses shall be provided to Trumble within 30 days of the date of this Order.

## III.     Motion to Amend

Trumble asks to amend his Amended Complaint. Federal Rule of Civil Procedure 15 governs the motion. It states that the Court freely give leave to amend a complaint when justice so requires. However, the Ninth Circuit has indicated that courts should deny leave to amend when it would be a mere "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir.2008)

Here, this is the second time Trumble has asked the Court to amend his complaint in this manner – to add Corizon as a defendant. Earlier, the Court refused to allow the amendment, and Trumble has come forward with nothing new. He merely references the same affidavits, same prior litigation of other inmates, and the same arguments. And in the Court's earlier Order denying Trumble's motion for a preliminary injunction, the Court explained that Trumble was not likely to prevail on the merits of his claim that giving Solu-Medrol instead of hydrocortisone posed a serious risk of substantial harm. Likewise, the Court concluded that Trumble was not likely to prevail on his request for an offsite endocrinologist assessment every six months. Nothing has changed, and Trumble has presented the Court with nothing more to support such claims. Accordingly, his amendment would be futile, and the Court will deny the motion to amend.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

**IT IS ORDERED:**

1. Defendant Whinnery's Motion for Summary Judgment (Dkt. 47) is

    **GRANTED** and the claims against Whinnery are dismissed without prejudice.

2. Plaintiff's Motion to Compel (Dkt. 57) is **GRANTED** as explained above.

3. Plaintiff's Motion to Amend (Dkt. 60) is **DENIED**.

DATED: March 16, 2016

B. Lynn Winmill
Chief Judge
United States District Court