UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES TRUMBLE,<br><br>            Plaintiff,<br><br>    v.<br><br>BRENT REINKE, *et. al.*,<br><br>            Defendants. | Case No. 1:14-cv-00256-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Plaintiff's Motion for Reconsideration (Dkt. 69), Plaintiff's motion for extension of time (Dkt. 74), Plaintiff's motion for extension of time(Dkt. 75), and Plaintiff's Motion for Appointment of Counsel (Dkt. 76).

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).

**MEMORANDUM DECISION AND ORDER - 1**

"The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation,* 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.,* 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Rule 59 is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir. 2001). Instead, reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised

**MEMORANDUM DECISION AND ORDER - 2**

before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Plaintiff has essentially made the same arguments he made in its earlier briefs. Thus, Plaintiff has not met his burden. Accordingly, the Court will deny the motion for reconsideration.

Plaintiff has not set forth any evidence that the Court should stay the pending motions for summary judgment pursuant to Rule 56(d). However, given the Plaintiff's limited access to the prison library, the Court will grant Plaintiff a short extension of time to file his response to the motions. The Court will not, however, appoint counsel for Plaintiff.

**ORDER**

1. Plaintiff's Motion for Reconsideration (Dkt. 69) is **DENIED**.
2. Plaintiff's motion for extension of time (Dkt. 74), and Plaintiff's motion for extension of time(Dkt. 75), are **GRANTED in part**. Plaintiff shall file his

**MEMORANDUM DECISION AND ORDER - 3**

response to the pending motions for summary judgment on or before June 6, 2016.

3. Plaintiff's Motion for Appointment of Counsel (Dkt. 76) is **DENIED**.

DATED: May 23, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 4**